**ORIGINAL**

FILED IN CLERK'S OFFICE
U.S.D.C.-Atlanta

JUL 3 0 2003
LUTHER D THOMAS, Clerk
By: J. Dugan, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Jason M. Durr | ) | |
| | ) | |
| Plaintiff | ) | CIVIL ACTION FILE |
| | ) | |
| vs. | ) | No. 1 03 CV-2291 |
| | ) | |
| Echostar Communications | ) | |
| Dish Network Service Corp. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

COMES NOW Jason M. Durr, Plaintiff herein, and hereby files this Complaint for Injunctive Relief and Damages, showing the Court the following:

### JURISDICTION AND VENUE

1.

This is an action arising under Tile VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., 42 U.S.C. §§ 1981 and 1983, the Thirteen Amendment to the United States Constitution, and Georgia state law. The jurisdiction of this Court is conferred pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4). Jurisdiction over Plaintiff's state law causes of action is conferred by 28 U.S.C. § 1367.

FORMS RECEIVED
Consent To US Mag. ✓
Pretrial Instructions ✓
Title VII NTC ✓
Drop box

2.

Venue is proper in this Court under 42 U.S.C. 2000e-(f) (3).

THE PARTIES

3.

Jason M. Durr, (hereinafter "Plaintiff") is a white male. He is and was at all times herein a citizen and resident of the State of Georgia and entitled to bring actions of this kind and nature.

4.

Defendant Echostar Communications, (hereinafter referred to as "Echostar") is a Colorado corporation doing business in the Northern District of Georgia, and is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, and is engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 2000(e).

Defendant Dish Network Service Corporation, (hereinafter referred to as "Dish Network"), is a Colorado corporation doing business in the Northern District of Georgia, and is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, and is engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 2000(e).

Defendants may be served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure by delivery of the Summons and

Complaint to their registered agent for service, National Registered Agents, Inc., 3761 Venture Drive, Duluth, GA 30096.

## FACTS

5.

The Defendants have engaged in a practice of acts which discriminated against Plaintiff in employment opportunities on account of his race, and which were in retaliation for his opposition to Defendants' unlawful employment practices.

6.

Plaintiff was employed by Defendants, at the Forest Park, Georgia location from August 2001 until September 2002. Plaintiff's supervisor was Arthur Lewis, Field Service Manager.

7.

Plaintiff's work performance had always been exemplary. Beginning in August 2002, Plaintiff was subjected to a hostile working environment, discriminated against in employment opportunities on account of his race and which were in retaliation for his opposition to Defendants' unlawful employment practices. Plaintiff also has seen other white employees subjected to the same harassment and racially discriminatory treatment.

8.

For instance, in August 2002, on at least two occasion Plaintiff and another white co-worker had their time cards ripped and thrown on the ground by black employees. At other times, black employees would steal the time cards entirely. Management was aware of this racial harassment by its employees during Plaintiff's employment and management officials took no effective actions to prevent or stop this harassment.

9.

At other times during his employment, Plaintiff heard black employees making racist comments to him and other employees. For instance, two black employees referred to Plaintiff as a "white devil."

10.

Plaintiff complained to management about the racial harassment and informed his General Manager of the racists comments by black employees. During his complaint, Plaintiff provided the names of witnesses to the racist remarks and harassment.

9.

After Plaintiff complained to management officials and asserted his federally protected right to a workplace free of discrimination and racial harassment, Defendants retaliated against Plaintiff by subjecting him to even

more harassment, further creating a more hostile environment. For instance after becoming aware of Plaintiff's complaints to management, a black employee threatened Plaintiff by telling Plaintiff that in "his neighborhood they beat up people like you." Management was aware of this threat of violence and management officials took no effective actions to prevent or stop the harassment. In fact, rather than preventing the harassment, Defendants discharged Plaintiff in retaliation for complaining about the racial harassment.

The actions of Defendants in terminating Plaintiff's employment were racially motivated and in retaliation against Plaintiff for complaining about racial discrimination and harassment.

10.

On January 17, 2003 Plaintiff filed a charge of discrimination with the EEOC as a result of Defendants' race discrimination and retaliation. He received his Right to Sue letter from the EEOC on May 2, 2003.

### Count One:  Race Discrimination

Paragraphs 1 through 10 are incorporated by reference into Count One, as if fully restated and realleged herein.

Defendants' actions, by and through its employees, constitute unlawful discrimination in the terms and conditions of Plaintiff's employment on the

basis of his race, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. 2000e, et seq.

As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has been damaged and is entitled to the relief set forth in his Prayer for Relief.

### Count Two: Retaliation

Paragraphs 1 through 10 are incorporated by reference into Count One, as if fully restated and realleged herein.

Defendants' actions, by and through its employees, unlawfully retaliated against Plaintiff by, among other actions, increasing their harassment, and ultimately terminating Plaintiff's employment as a result of his attempts to exercise his federally protected rights, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. 2000e, et seq.

As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has been damaged and is entitled to the relief set forth in his Prayer for Relief.

### Count Three: Violation of the Thirteenth Amendment

Paragraphs 1 through 10 are incorporated by reference into Count One, as if fully restated and realleged herein.

The actions of Defendants, its agents and employees violate Plaintiff's rights and privileges as guaranteed by the Thirteenth Amendment to the United States Constitution.

As a direct and proximate result of Defendants' of said acts, Plaintiff has been damaged and is entitled to the relief set forth in his Prayer for Relief.

### Count Four:  Violation of the 1981

Paragraphs 1 through 10 are incorporated by reference into Count One, as if fully restated and realleged herein.

The actions of Defendants, its agents and employees violate Plaintiff's rights and privileges as guaranteed by the Thirteenth Amendment to the United States Constitution.

The above discrimination and retaliatory pattern and practice by Defendants, its agents and employees violate Plaintiff's rights and privileges as guaranteed by the Thirteenth Amendment to the United States Constitution as protected by 42 U.S.C. §1981..

As a direct and proximate result of Defendants' violation of such acts, Plaintiff has been damaged and is entitled to the relief set forth in his Prayer for Relief.

### Count Five: Intentional Infliction of Emotional Distress

Paragraphs 1 through 10 are incorporated by reference into Count One, as if fully restated and realleged herein.

Defendants' actions, as outlined above, by and through its employees, constitute intentional infliction of emotional distress so as to entitle Plaintiff to damages, including punitive, against Defendants, as specified in his Prayer of Relief.

As a direct and proximate result of Defendants' intentional infliction of emotional distress on Plaintiff, Plaintiff has been damaged and is entitled to the relief set forth in the Prayer of Relief.

### Count Six: Negligent Hiring and Retention

Paragraphs 1 through 10 are incorporated by reference into Count One, as if fully restated and realleged herein.

Defendants had notice of and knew that its employees had threatened to physically harm Plaintiff. Its negligence in hiring and failure to terminate the employment of the employee before he could continue to harass Plaintiff and other black employees constitutes negligent hiring and retention as defined by Georgia.

As a direct and proximate result of Defendants' negligent hiring and retention of the white employee who physically threatened, Plaintiff has been damaged and is entitled to the relief set forth in the Prayer of Relief.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays:

(a)  for trial by jury;

(b)  that Plaintiff recover from Defendants pay, benefits, and interest due and payable; and be reinstated to his former position with Defendants;

(c)  that Plaintiff recover from Defendants an amount of damages to compensate him for the emotional pain and suffering Plaintiff has endured as a result of Defendants' discriminatory, retaliatory, and tortious act;

(d)  that Plaintiff recover from Defendants punitive damages under state law and federal law in the amount sufficient to punish Defendants for their actions and to deter Defendants from discriminating and retaliating against its employees in the future;

(e)  that Plaintiff be granted declaratory relief;

(f) that Plaintiff be awarded injunctive relief to prevent Defendants from engaging in such discriminatory, retaliatory, and tortious conduct in the future;

(g) that Plaintiff recover from Defendants his costs incurred in bringing this action, including his attorney fees and expenses of litigation;

(h) that Plaintiff be awarded prejudgment interest;

(i) that Plaintiff have such other and further relief as the Court deems necessary.

July 30, 2003
Date

Signature of Plaintiff

120 Sunset Road
McDonough, GA 30253