# ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **JASON M. DURR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE** |
| **v.** | ) | **NO. 1:03-CV-2291-MHS/GGB** |
| | ) | |
| **ECHOSTAR COMMUNICATIONS** | ) | |
| **DISH NETWORK SERVICE CORP.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' ANSWER

COME NOW, Defendants sued as Echostar Communications and Dish Network Service Corp., the Defendants herein and file this, their Answer to Plaintiff's Complaint for Injunctive Relief and Damages, and by way of said Answer respectfully show the following:

### FIRST DEFENSE

Plaintiff's Complaint and each of its causes of action fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

This Court lacks subject matter jurisdiction over some or all of Plaintiff's claims.

### THIRD DEFENSE

This Court lacks personal jurisdiction over the Defendants.

### FOURTH DEFENSE

This Court should decline to assume supplemental jurisdiction over any state law claims which may have been asserted in Plaintiff's Complaint for Plaintiff's failure to show any substantial federal claims or because Plaintiff's state law claims would predominate Plaintiff's predicate federal law claims.

### FIFTH DEFENSE

Plaintiff's claims are barred for insufficiency of service of process.

### SIXTH DEFENSE

Plaintiff's claims are barred for insufficiency of process.

### SEVENTH DEFENSE

Plaintiff has failed to plead facts sufficient to establish venue of this civil action.

### EIGHTH DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations, including the failure to file the instant lawsuit within the time period required by the applicable statute.

### NINTH DEFENSE

Plaintiff's damages are limited to those remedies and those amounts provided

for by the statute.

## TENTH DEFENSE

Even if any adverse actions were taken against the Plaintiff for reasons related to Plaintiff's protected class status or any exercise by Plaintiff of protected rights, Plaintiff would have been subject to adverse employment actions or otherwise for reasons unrelated to any protected class status or activities, including after acquired evidence.

## ELEVENTH DEFENSE

Any adverse action taken against Plaintiff was done so in good faith without malice or reckless indifference to Plaintiff's protected rights.

## TWELFTH DEFENSE

Any adverse employment action taken with respect to the Plaintiff was based on business necessity.

## THIRTEENTH DEFENSE

Even if Plaintiff was subject to unlawful conduct based on Plaintiff's protected class status, Defendant exercised reasonable care to prevent and correct the actions which support Plaintiff's claim and Plaintiff unreasonably failed to avail himself/herself of preventive or corrective opportunities or to avoid harm otherwise.

## FOURTEENTH DEFENSE

Plaintiff has failed to mitigate damages as required by law.

## FIFTEENTH DEFENSE

As to Plaintiff's state law claims, to the extent Plaintiff seeks punitive damages against Defendants Echostar Communications and Dish Network Service Corp., such punitive damages are limited to a maximum of $250,000.  O.C.G.A. § 51-12-5.1(g).

## SIXTEENTH DEFENSE

Plaintiff's Complaint fails to state a claim for punitive, actual, special, exemplary, liquidated and/or compensatory damages.

## SEVENTEENTH DEFENSE

Defendants Echostar Communications and Dish Network Service Corp. are not proper parties to this civil action.

## EIGHTEENTH DEFENSE

Plaintiff's Complaint is not in conformity with Rule 11 of the Federal Rules of Civil Procedure.

## NINETEENTH DEFENSE

All claims of the Plaintiff brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq., are barred to the extent that they were never made the subject of a charge of discrimination within the time required by law with the Equal Employment Opportunity Commission as is required by law.

### TWENTIETH DEFENSE

Some or all of Plaintiff's claims are barred by the doctrines of waiver, consent, release, failure of consideration, estoppel, fraud, illegality, injury by fellow servant, license, payment and/or accord and satisfaction.

### TWENTY-FIRST DEFENSE

If any damages were sustained by Plaintiff, they were proximately caused, in whole or in part, by Plaintiff's own negligence, in whole or in part, based upon the doctrines of contributory negligence, comparative negligence and/or the assumption of the risk.

### TWENTY-SECOND DEFENSE

Some or all of the Plaintiff's claims are barred by the doctrine of judicial estoppel.

### TWENTY-THIRD DEFENSE

The Defendants reserve the right to assert any additional affirmative defenses allowed by Rule 8 depending upon any evidence discovered in pursuit of this litigation.

### TWENTY-FOURTH DEFENSE

For answer to the respective paragraphs of the Complaint, Defendants show as follows:

1.

Defendants admit that Plaintiff is seeking to file suit pursuant to Title VII, 42 U.S.C. §§ 1981 and 1983, the Thirteenth Amendment to the United States Constitution, and Georgia state law, and that Plaintiff seeks to invoke the jurisdiction of this Court, and deny the remaining allegations pled in paragraph 1 of the Complaint.

2.

Defendants admit that Plaintiff seeks to assert venue pursuant to 42 U.S.C. 2000e-(f)(3) and deny the remaining allegations pled in paragraph 2 of the Complaint.

3.

Defendants are without sufficient knowledge to admit or deny the truth of the allegations pled in paragraph 3 of the Complaint.

4.

Defendants admit that Plaintiff seeks to establish a claim under Title VII and service and deny the remaining allegations pled in paragraph 4 of the Complaint.

5.

Defendants deny the allegations pled in paragraph 5 of the Complaint.

6.

Defendants deny the allegations pled in paragraph 6 of the Complaint.

7.

Defendants deny the allegations pled in paragraph 7 of the Complaint.

8.

Defendants deny the allegations pled in paragraph 8 of the Complaint.

9.

Defendants deny the allegations pled in paragraph 9 of the Complaint.

10.

Defendants deny the allegations pled in paragraph 10 of the Complaint.

9. (sic)

Defendants deny the allegations pled in paragraph 9 (sic) of the Complaint.

10. (sic)

Defendants admit that the Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, and that a Dismissal and Notice of Rights was issued, and deny the remaining allegations pled in paragraph 10 (sic) of the Complaint.

11.

Count One:  Race Discrimination

Defendants incorporate by reference their responses to Paragraphs 1 through 10 of the Complaint as though set forth specially herein.  Further responding, Defendants deny the remaining allegations pled in Count One of the Complaint.

12.

## Count Two:  Retaliation

Defendants incorporate by reference their responses to Paragraphs 1 through 10 of the Complaint as though set forth specially herein.   Further responding, Defendants deny the remaining allegations pled in Count Two of the Complaint.

13.

## Count Three:  Violation Of The Thirteenth Amendment

Defendants incorporate by reference their responses to Paragraphs 1 through 10 of the Complaint as though set forth specially herein.   Further responding, Defendants deny the remaining allegations pled in Count Three of the Complaint.

14.

## Count Four:  Violation Of The (sic) 1981

Defendants incorporate by reference their responses to Paragraphs 1 through 10 of the Complaint as though set forth specially herein.   Further responding, Defendants deny the remaining allegations pled in Count Four of the Complaint.

15.

## Count Five:  Intentional Infliction Of Emotional Distress

Defendants incorporate by reference their responses to Paragraphs 1 through 10 of the Complaint as though set forth specially herein.   Further responding, Defendants deny the remaining allegations pled in Count Five of the Complaint.

16.

## Count Six:  Negligent Hiring And Retention

Defendants incorporate by reference their responses to Paragraphs 1 through 10 of the Complaint as though set forth specially herein.   Further responding, Defendants deny the remaining allegations pled in Count Six of the Complaint.

17.

Defendants deny that Plaintiff is entitled to any of the relief set forth in his Complaint under Prayer For Relief in paragraphs (a) - (i).

18.

Any allegations in the Complaint not heretofore answered, qualified or denied are here and now denied as though set forth specially and denied.

**WHEREFORE,** the Defendants in the above-referenced civil action respectfully request that this Court:

1.      Dismiss with prejudice Plaintiff's Complaint;

2.      Award Defendants their reasonable attorney's fees, costs, and expenses pursuant to 42 U.S.C. § 1988 or otherwise; and

3.      Award any and all other relief to Defendants that this Court may deem necessary and proper.

Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**

*Christopher Parker*

Christopher E. Parker
Georgia Bar No. 562152

Attorney for Defendants

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
T – 770.818.0000
F – 770.937.9960
NAS3568.DOC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **JASON M. DURR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE** |
| **v.** | ) | **NO. 1:03-CV-2291-MHS/GGB** |
| | ) | |
| **ECHOSTAR COMMUNICATIONS** | ) | |
| **DISH NETWORK SERVICE CORP.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing DEFENDANTS' ANSWER upon all parties to this matter by depositing a true copy of same via regular and certified mail, proper postage prepaid, addressed to <u>pro se</u> plaintiff as follows:

> Mr. Jason M. Durr
> 120 Sunset Road
> McDonough, GA 30253

This 16 day of December, 2003.

*Christopher Parker*
Christopher E. Parker
Georgia Bar No. 562152

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
T – 770.818.0000
F – 770.937.9960