# ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CLERK'S OFFICE
D.C. Atlanta

FEB 12 2004

By: _____
Deputy Clerk

| | | |
|---|---|---|
| JASON M. DURR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. 1:03-CV-2291-MHS/GGB |
| | ) | |
| ECHOSTAR COMMUNICATIONS | ) | |
| DISH NETWORK SERVICE CORP. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO COMPEL
## ARBITRATION AND STAY PROCEEDINGS
## AND SUPPORTING MEMORANDUM OF LAW

COME NOW, Echostar Communications and Dish Network Service Corp.,
the Defendants herein, by way of special appearance and without waiving any
objections to service or jurisdiction, and file this, their Motion To Compel Arbitration
And Stay Proceedings, and by way of said Motion respectfully show the following:

### I.    STATEMENT OF THE CASE

Plaintiff filed a Complaint on July 30, 2003 asserting claims under Title
VII of the Civil Rights Act of 1964, 42 U.S.C. §1981 and §1983 and the Thirteenth
Amendment to the United States Constitution, as well as state law claims of
intentional infliction of emotional distress and negligent hiring and retention.
Plaintiff served his Complaint on November 26, 2003 and Defendants filed an

(5)

Answer on December 16, 2003.

Plaintiff signed a mandatory arbitration agreement ("Agreement") at the start of his employment with Defendant Echostar, in which Plaintiff and Defendants agreed to the following:

> The Employee and Echostar agree that any claim, controversy and/or dispute between them, arising out of and/or in any way related to Employee's application for employment, employment and/or termination of employment, whenever, and wherever brought, shall be resolved by arbitration.

(Exhibit A.)

Plaintiff has not responded to Defendants' requests to dismiss or stay this case and pursue arbitration as previously agreed.   Defendants request that this Court compel arbitration proceedings, and stay any further judicial proceedings in accord with parties' enforceable arbitration agreement.

## II.    ARGUMENT AND CITATION OF AUTHORITY

Both Federal and Georgia state law favor arbitration as a means of resolving disputes and will specifically enforce arbitration agreements.   The United States Arbitration Act, 9 U.S.C. § 2, applies to contracts evidencing transactions involving commerce and provides:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid,

> irrevocable, and enforceable, save on such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.  Similarly, Ga. Code Ann. § 9-9-3 provides:

> A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit any controversy thereafter arising to arbitration is enforceable without regard to the justiciable character of the controversy and confers jurisdiction on the courts of the state to enforce it and to enter judgment on an award.

Furthermore, a court where a suit is pending which contains matters that are subject to arbitration, may, upon a determination that the issues involved are referable to arbitration, stay the trial of the action until such arbitration has been completed in accordance with the terms of the arbitration agreement.  The court may compel the parties to arbitrate and stay judicial proceedings pending arbitration.  Ga. Code Ann. § 9-9-6; 9 U.S.C. § 3.

In the instant case, there is no question regarding the enforceability or terms of the Agreement.  Further, the claims Plaintiff asserted in his Complaint clearly arise out of and are related to Plaintiff's employment with Defendant Echostar.  The clear intent of the parties Agreement, as is obvious from the unambiguous provision quoted above, was to settle any disputes arising out of or related to Plaintiff's employment with Defendant Echostar through arbitration, rather than

-3-

litigation.   Consequently, Plaintiff's claim must be settled and resolved through arbitration before the American Arbitration Association, as provided for in the Agreement signed by the parties at the start of Plaintiff's employment.

The public policy of Georgia "favors enforcement of the terms of an arbitration agreement".  Hope & Assocs. v. Marvin M. Black, Co., 205 Ga. App. 561, 562 (Ga. Ct. App. 1992).   Further, "the liberal federal policy favoring arbitration agreements, manifested by 9 U.S.C. §2 and the Act as a whole, is at bottom a policy guaranteeing the enforcement of private contractual arrangements: the Act simply creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate." Primerica Fin. Servs., Inc. v. Wise, 217 Ga. App. 36, 40 (Ga. Ct. App. 1995).

In accordance with the Federal Arbitration Act and the Georgia Arbitration Code and interpreting case law, this case should be stayed and arbitration compelled between the parties as previously agreed.

### III.   <u>CONCLUSION</u>

WHERFORE, for the foregoing reasons, Defendants respectfully request that Defendants' Motion To Compel Arbitration And Stay Proceedings be granted.

Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**

*Chris Parker*

Christopher E. Parker
Georgia Bar No. 562152
Pia J. Koslow
Georgia Bar No. 528589

Attorney for Defendants

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
T – 770.818.0000
F – 770.937.9960

PJK0532

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **JASON M. DURR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE** |
| **v.** | ) | **NO. 1:03-CV-2291-MHS/GGB** |
| | ) | |
| **ECHOSTAR COMMUNICATIONS** | ) | |
| **DISH NETWORK SERVICE CORP.** | ) | |
| | ) | |
| **Defendants.** | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS AND SUPPORTING MEMORANDUM OF LAW upon all parties to this matter by depositing a true copy of same via regular and certified mail, proper postage prepaid, addressed to pro se plaintiff as follows:

> Mr. Jason M. Durr
> 120 Sunset Road
> McDonough, GA 30253

This 12 day of February, 2004.

Chris Parker
Christopher E. Parker
Georgia Bar No. 562152

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
T – 770.818.0000
F – 770.937.9960